

# NUMBER 13-24-00369-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES CHARLES ROACH III,**                                    Appellant,

**v.**

**THE STATE OF TEXAS,**                                    Appellee.

---

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant James Charles Roach III was charged with the second-degree felony offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Appellant pleaded guilty to the offense, and the trial court placed him on deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate community supervision on the basis that appellant violated several terms of

community supervision including, among others, that appellant "fail[ed] to abstain . . . from any substance capable or calculated to cause intoxication, in that on or about the 27th day of March, 2024," he admitted that he had smoked a marijuana cigarette. Appellant pleaded "true."[1] *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (explaining that the trial court properly revokes community supervision based on one violation of the terms of community supervision). The trial court proceeded to an adjudication of guilt, and sentenced appellant to twenty years' incarceration. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,

---

[1] After hearing evidence, the trial court found that appellant violated several other terms of community supervision, including that he committed the offense of manufacture/delivery of a controlled substance, changed his place of residence without prior approval of his community supervision officer, and failed to report to his community supervision officer for the months of November 2022 through March 2024. *See Tapia v. State*, 462 S.W.3d 29, 31 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

2

an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

3

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of January, 2025.